ANNETTE MORASCH, SBN 263797
**LAW OFFICE OF ANNETTE MORASCH, APC**
5701 W. SLAUSON AVE., SUITE 210
CULVER CITY, CA 90230
PHONE: (323) 791-6276
FAX: (323) 617-5523
annette@amoraschlaw.com

Attorney for Plaintiff, Wallace Iwata

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE

| | |
|---|---|
| WALLACE IWATA<br><br>Plaintiff<br><br>vs.<br><br>RUAG SPACE USA, INC., a Delaware Corporation,<br><br>DOES 1-10, inclusive<br><br>Defendants | **Case No. 5:19-cv-01416**<br><br>**COMPLAINT AND REQUEST FOR JURY TRIAL FOR:**<br><br>1. **VIOLATION OF CAL. LABOR CODE §98.6**<br><br>2. **VIOLATION OF CAL. LABOR CODE §132a**<br><br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>4. **CAL. LABOR CODE §2802**<br><br>5. **CAL. LABOR CODE §1198.5**<br><br>6. **CAL. LABOR CODE §226** |

**TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Wallace Iwata, by and through his undersigned attorney and for this complaint, against Defendant Ruag Space USA, Inc., a Delaware Corporation doing business in the state of California, and DOES 1-10 inclusive (collectively "Defendants") alleges upon personal knowledge and belief, as to his own acts, and

upon information and belief (based upon investigation of his counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.  THE PARTIES

1.  At all times relevant herein, Plaintiff Wallace Iwata was the Chief Scientist in Defendant's Santa Clara, California office.

2.  Defendant RUAG SPACE USA, INC. is a Delaware Corporation doing business in the State of California, County of Santa Clara, City of Santa Clara.

3.  Plaintiff is ignorant of the true names and capacities of defendants used herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when and if ascertained.

4.  Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, representative, employer, employee, joint venture, parent, subsidiary, affiliate, related entity, partner and/or associate of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of that agency and/or authorization and/or ratification, and is personally responsible in some manner for the acts and omissions of the other Defendants.

## II.  JURISIDICTION AND VENUE

5.  Jurisdiction and venue are proper in this Court because there is diversity

jurisdiction under 28 U.S.C. §1332.  Plaintiff is a resident of California, and Ruag Space USA, Inc. is incorporated in Delaware with its main headquarters in the state of Alabama. Plaintiff asserts he is owed more than $75,000.00 in damages.

6. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) because the violations of law which are the subject of this action, occurred in the Northern District, county of Santa Clara, in the City of Santa Clara.

### III.    STATEMENT OF FACTS

7. On March 20, 2017, defendant Ruag Space USA, Inc. ("Ruag") hired plaintiff Wallace Iwata ("Iwata") as its Chief Scientist. Ruag paid Iwata more than $190,000.00/year, in addition to various benefits.

8. Throughout the duration of his employment, Iwata performed competently and capably.

9. Throughout the duration of his employment, Iwata purchased expensive computer software and hardware, and other business equipment in order to complete his job duties for Ruag. Iwata submitted to Ruag expense reimbursement requests. Ruag has not reimbursed Iwata for more than $150,000 of Iwata's work-related expenditures. Ruag still retains some of the equipment that Iwata purchased using his own money.

10.     On or around December 2017, Ruag gave Iwata an employee performance evaluation. The evaluation was positive and reflected Ruag's satisfaction with Iwata's overall performance.

11. On October 24, 2018, Iwata was in Ruag's laboratory. Iwata bent down to look at a microscope and scratched his cornea. Iwata told a Ruag employee that he needed to seek immediate medical attention.

12. Rather than allowing Iwata to immediately leave work, this employee -- who upon information and belief worked under a man named "Herzon," in Ruag's Alabama office--blocked Iwata's way from leaving Iwata's office. The man stretched his arms across the office's doorway and would not let Iwata leave until Iwata showed this man proof that Iwata downloaded Iwata's analysis data onto Ruag's servers. Iwata asked if he could go to the emergency room first, and showed this man his injured eye. But the man said "no" and words to the effect that "management" wanted him to ensure the data had been transferred first. Iwata showed the man the download was completed, and was then allowed to leave the office.

13. Iwata went to the hospital where he was diagnosed with a scratched cornea. Iwata requested that Ruag forward him a workers' compensation claim form.

14. The next day Ruag terminated Iwata's employment without providing any reason. At the termination meeting, Ruag presented Iwata with a proposed separation agreement, offering to pay Iwata $16,543 in return for Iwata waiving all rights to seek judicial relief for any claim arising from his employment. The proposed agreement also included the following sentence: "Employee further affirms that Employee has no known workplace injuries or occupational diseases." Iwata did not sign the agreement.

15. To this day, Ruag has not reimbursed Iwata for his requested expenses.

16. In November 2018, Iwata's representative sent Ruag a written request for copies of Iwata's personnel file and payroll records. Ruag received the request in early December 2018. Ruag still has not responded to the request.

17. Upon information and belief, Ruag contested Iwata's unemployment benefits through the California Employment Development Department on the basis that Iwata was disabled. Upon information and belief, Ruag contested Iwata's worker's compensation claims.

**FIRST CAUSE OF ACTION**
**VIOLATION LABOR CODE §98.6**
**(Retaliation for Reporting a Workplace Injury and Requesting Workers Compensation Form)**
(Wallace Iwata against All Defendants)

18. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

19. At all times relevant herein, Cal. Labor Code §98.6 has prohibited an employer from discharging or discriminating against an employee because the employee exercised his rights under the Cal. Labor Code. Here, specifically, Iwata exercised his right to report a workplace injury and request a workers' compensation form.

20. Plaintiff alleges he was retaliated against, terminated from employment, and otherwise discriminated against because he was injured on the job and reported that injury in the course of work.

21. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the loss of employment related opportunities within his field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Cal. Civil Code §3287, 3288 and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said emotional distress for at this time, an unknown duration, all in an amount subject to proof at time of trial.

23. Defendants' conduct constitutes oppression and a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE CAL. LABOR CODE §132a**
**(Retaliation for Reporting a Workplace Injury and Requesting Workers Compensation)**
(Wallace Iwata against All Defendants)

24. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

25. California's declared public policy is there should not be discrimination against any worker who has been injured in the course and scope of their employment. Cal. Labor Code §132a.

6
**COMPLAINT AND DEMAND FOR JURY TRIAL**

26. Pursuant to Cal. Labor Code §132a, any employer who discharges, or in any manner discriminates against any employee because he has filed, or made known his intention to file a claim for workers' compensation, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than $10,000. Due to Iwata's high salary, Plaintiff seeks the $10,000 maximum in statutory penalties.

27. Plaintiff seeks all lost wages and work benefits caused by Defendants' unlawful acts, as authorized by Cal. Labor Code §132a(1).

28. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said emotional distress for at this time, an unknown duration, all in an amount subject to proof at time of trial.

29. Defendants' conduct constitutes oppression and a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Wallace Iwata against All Defendants)

30. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

31. It is the public policy of the State of California, that all employees shall be free of discharge on the basis that the employee exercised his rights under Cal. Labor Code §98.6.

32. Because Defendants terminated Plaintiff on the basis of his exercise of his rights under Cal. Labor Code §98.6, Defendants have terminated Plaintiff in violation of public policy.

33. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the loss of employment related opportunities within his field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Cal. Civil Code §3287, 3288 and/or any other provision of law providing for prejudgment interest.

34. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said emotional distress for at this time, an unknown duration, all in an amount subject to proof at time of trial.

35. Defendants' conduct constitutes oppression and a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §2802**
(By Wallace Iwata against All Defendants)

36. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

37. Under Cal. Labor Code §2802, an employer shall indemnify its employee for all necessary expenditures incurred by the employee in direct consequence of the

discharge of the employee's duties, or of his obedience to the directions of the employer.

38. Defendants knew Iwata purchased expensive equipment, software and hardware so that Iwata could do his job for Ruag. Iwata submitted reimbursement requests continuously throughout his employment. Iwata was assured by his supervisor that reimbursement was coming, but Ruag did not reimburse Iwata for more than $150,000 worth of expenses.

39. Pursuant to the rights under Cal. Labor Code §2802(b), Plaintiff seeks reimbursement for all of his work-related expenses, plus interest from the date on which Iwata incurred the necessary expenditure.

40. Plaintiff seeks reimbursement of attorneys' fees and costs pursuant to his rights under Cal. Labor Code §2802(c).

### FIFTH CAUSE OF ACTION
### VIOLATION OF CAL. LABOR CODE §1198.5
(Wallace Iwata against All Defendants)

41. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

42. Under Cal. Labor Code §1198.5(a), all employees, including former employees, or their representative, has the right to receive a copy of personnel records that the employer maintains relating to the employee's performance, or to any grievance concerning the employee.

43. Under Cal. Labor Code §1198.5(b) the employer shall make the contents of those personnel records available for inspection to the former employee or his

representative not later than 30 calendar days from the date the employer receives a written request.

44. Iwata's representative sent to Ruag a request for payroll records and personnel records on November 28, 2018 via U.S. Postal Service, 2 Day Priority Mail. This request was delivered to Ruag on December 3, 2018. As of the date of this filing, Defendants have not provided copies of the requested records, and has not made the records available for inspection.

45. Plaintiff seeks $750 in statutory penalties under Cal. Labor Code §1198.5(k) and attorney's fees and costs under Cal. Labor Code §1198.5(l).

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CAL. CIVIL CODE §226**
**Failure to Provide Payroll Records**
**(Wallace Iwata Against All Defendants)**

46. Plaintiff repleads by reference the allegations contained in all paragraphs above, as if fully set forth hereunder.

47. Pursuant to Cal. Labor Code §226(b), an employer must afford a current or former employee the right to inspect or receive a copy of payroll records, upon reasonable request to the employer.

48. An employer who receives a written request to inspect or receive a copy of records shall comply with the request as soon as practicable, but no later than 21 calendar dates from the date of the request.

49. Iwata's representative sent to Ruag a request for payroll records and personnel records on November 28, 2018 via U.S. Postal Service, 2 Day Priority Mail. This request was delivered to Ruag on December 3, 2018. As of the date of this filing,

Defendants have not provided copies of the requested records, and has not made the records available for inspection.

50. Plaintiff seeks $750 in statutory penalties under Cal. Labor Code §226(f) and attorney's fees and costs under Cal. Labor Code §226(h).

## IV. REQUEST FOR RELIEF

For the First and Third Causes of Action by Iwata Against All Defendants:

A. For economic and special damages according to proof;

B. For punitive damages to be proven at trial;

C. For pre-judgment interest;

D. For a judicial declaration Defendant has violated the Cal. Labor Code §98.6;

E. For all further relief as the Court may deem appropriate.

For the Second Cause of Action, By Iwata Against All Defendants:

A. For economic and special damages according to proof;

B. For punitive damages to be proven at trial;

C. For attorney's fees and costs under Cal. Labor Code §132a;

D. For statutory penalties of $10,000 under Cal. Labor Code §132a;

E. For a judicial declaration Defendant has violated the California Labor Code §132a;

F. For prejudgment interest at the legal rate;

G. For such further relief as the Court may deem appropriate.

<u>For the Fourth Cause of Action by Iwata Against All Defendants:</u>

A. For reimbursement of all work-related expenses according to proof at trial;

B. For prejudgment interest at the legal rate from the date of the necessary expenditures;

C. For a judicial declaration Defendant has violated the Cal. Labor Code §2802;

D. For attorney's fees and costs under Cal. Labor Code §2802;

E. For such further relief as the Court may deem appropriate.

<u>For the Fifth Cause of Action by Iwata Against All Defendants:</u>

A. For $750 in statutory penalties under Cal. Labor Code §1198.5(k);

B. For attorney's fees and costs under Cal. Labor Code §1198.5(l);

C. For such further relief as the Court may deem appropriate.

<u>For Sixth Cause of Action by Iwata Against All Defendants:</u>

V. For $750 in statutory penalties under Cal. Labor Code §226(f)

VI. For attorney's fees and costs under Cal. Labor Code §226(h);

VII. For such further relief as the Court may deem appropriate.

Dated: March 11, 2019                               LAW OFFICE OF ANNETTE MORASCH

_____
Attorney for Plaintiff,
Wallace Iwata

## VIII. **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all cause of actions raised in this complaint.

Dated: March 11, 2019                    LAW OFFICE OF ANNETTE MORASCH

                                                              _____
                                                              Attorney for Plaintiff,
                                                              Wallace Iwata